[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 15, 1996
The plaintiff, Joseph Viviani, an injured employee who was receiving workers' compensation, has brought this action against his employer's workers' compensation carrier, American Hardware Mutual Insurance Co., and two of the carrier's agents for wrongfully discontinuing his compensation benefits. American Hardware Mutual Insurance Co. moved to dismiss the plaintiff's suit on the grounds that the court lacks subject matter jurisdiction since the plaintiff's exclusive remedy against the defendant is under the workers' compensation law.
The exclusivity provision in General Statutes § 31-284(a) provides, "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment . . . but an employer shall secure compensation for his employees as provided under this chapter . . . All rights and claims between employer and employees . . . arising out of personal injury . . . sustained in the course of employment are abolished other than rights and claims given by this chapter. . ." "Proof that the injury occurred in the course of the employment, means that the injury must occur (a) within the period of employment: (b) at a place the employee may reasonably be; and (c) while the employee is reasonably fulfilling the duties of the employment or doing something incidental to it." (Internal quotation marks omitted.)Cochiere v. Board of Education, 227 Conn. 333, 349 (1993).
The plaintiff alleges that he sustained damages because the defendant wrongfully ceased paying his compensation benefits. The plaintiff is not employed the defendant. Therefore, the plaintiff's alleged injuries did not occur within a period of employment, place of employment or while the plaintiff was engaged in his duties of employment. Accordingly, the plaintiff's claims do not fall within the workers' compensation exclusivity provision contained in § 31-284(a) and therefore, the court denies the motion to dismiss. See Us v. ITT Hartford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318814, 14 CONN.L.RPTR. 333 (June 14, 1995) (Maiocco, J.); Rotzv. Middlesex Mutual Assurance Co., Superior Court, judicial CT Page 5204-WWW district of Fairfield at Bridgeport, Docket No. 307488, 13 CONN.L.RPTR. 324 (January 27, 1995) (Hauser, J.).
FREEDMAN, J.